UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY YOUNG,<br><br>   Petitioner,<br><br> v.<br><br>D. L. RUNNELS, Warden,<br><br>   Respondent.       / | No. C 05-0119 JSW (PR)<br><br>**SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND AND INSTRUCTIONS TO THE CLERK**<br><br>(Docket no. 10) |

  Petitioner, a prisoner of the State of California, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Alameda County Superior Court conviction for being a felon in possession of a firearm. On April 14, 2005, this Court dismissed the petition with leave to amend (docket no. 7). The amended petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. Petitioner's motion to proceed *in forma pauperis* is GRANTED (docket no. 10).

  Although Petitioner has now completed the Court's standard form for a petition for a writ of habeas corpus, the amended petition still does not identify each of Petitioner's claims separately. Therefore, the Court cannot determine how many separate claims Petitioner is intending to raise in this Court. While Petitioner filled out the Court's form, he has also written at the bottom "the petition before the Court clearly set forth the issues, i.e., that Petitioner must not be made to serve time on the firearm after the case was reversed" and attached another separate document entitled "petition for writ of habeas

1

1  corpus." However, the 39 page petition attached to the Court's writ form appears to raise
2  claims not set forth on the Court's application form. Petitioner does not clearly set forth
3  in either document which claims he wishes to raise in this Court, as opposed to in his
4  prior state appeals or collateral challenges. Nor does the petition specify that each of
5  Petitioner's claims was previously exhausted in the state courts.

6  Because the claims in the attached petition are not the same as those in the Court's
7  habeas petition form, the Court will again dismiss the petition with leave to amend.
8  While Petitioner is free to submit whatever he wishes in support of the petition, he must
9  first clearly and separately set out each claim that he wants the Court to consider on the
10 Court's petition form with a short statement of which constitutional right was violated
11 and whether he has previously exhausted that specific claim before the California
12 Supreme Court. Petitioner may then attach any other materials he wishes to include for
13 reference. However, if the number of claims Petitioner wants reviewed by this Court
14 exceeds the three spaces on the Court's form, Petitioner must attach additional pages and
15 list each claim separately by number.

## CONCLUSION

17 For the foregoing reasons and for good cause shown, the petition is dismissed with
18 leave to file an amended petition within *thirty days* of the date of this order in which
19 Petitioner completes this Court's form habeas petition and presents only claims for
20 violations of his rights under the laws, treaties, or Constitution of the United States. Each
21 and every such claim must be separately numbered and must have been presented to the
22 California Supreme Court before it may be asserted in a federal habeas action. The
23 amended petition must contain the caption and civil case number used in this order and
24 the words SECOND AMENDED PETITION on the first page. Petitioner is reminded
25 that the amended petition must contain all claims he wishes to pursue. "[A] plaintiff
26 waives all causes of action alleged in the original complaint which are not alleged in the
27 amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
28 It is Petitioner's responsibility to prosecute this case. He must keep the Court

1 informed of any change of address by filing a separate paper with the clerk headed
2 "Notice of Change of Address." He must comply with any orders of the Court within the
3 time allowed, or ask for an extension of that time. Failure to do so may result in the
4 dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
5 Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b)
6 applicable in habeas cases). The Clerk shall provide Petitioner with a copy of this Court's
7 form petition for a writ of habeas corpus along with this order.
8     IT IS SO ORDERED.
9 DATED: May 25, 2006

JEFFREY S. WHITE
United States District Judge