IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY YOUNG,<br><br>    Petitioner,<br><br>vs.<br><br>D. L. RUNNELS, Warden,<br><br>    Respondent. | No. C 05-0119 JSW (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at California State Prison-Sacramento in Represa, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. This order directs Respondent to show cause why the amended petition should not be granted.

## BACKGROUND

According to the amended petition, Petitioner was convicted after trial of being a felon in possession of a firearm in Alameda County Superior Court and ultimately re-sentenced (after a reversal on appeal) to a term of twenty five years to life in state prison. Petitioner appealed his conviction to the California Court of Appeal in 2002. The Supreme Court of California denied Petitioner's petition for review in 2004. Petitioner filed a federal habeas petition on January 7, 2005.

On March 14, 2005, this Court dismissed the petition with leave to amend (docket

no. 6). On April 14, 2005, the Court granted Petitioner's request for an extension of time to file his amended petition. Petitioner filed an amended petition on May 2, 2005 (docket no. 8). On May 25, 2006, the Court again dismissed the petition with leave to amend and on June 29, 2006, Petitioner filed a Second Amended Petition, the operative pleading in this case.

## DISCUSSION

### I  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### II  Legal Claims

The petition raises the following grounds for relief: (1) Petitioner's conviction after testifying violates the Fifth Amendment; (2) trial counsel violated Petitioner's right to effective assistance of counsel by misadvising him of the consequences of going to trial; and (3) Petitioner was subjected to ineffective assistance at his re-sentencing hearing. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief. Accordingly, Respondent is ordered to respond to the petition as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED:   02/09/07

JEFFREY S. WHITE
United States District Judge

3