IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY YOUNG,                          )    No. C 05-0119 JSW (PR)
                                        )
            Petitioner,                 )    **SECOND ORDER TO SHOW CAUSE**
                                        )
    vs.                                 )
                                        )
D. L. RUNNELS, Warden,                  )
                                        )
            Respondent.                 )
                                        )
_____   )

Petitioner, a prisoner of the State of California, currently incarcerated at California State Prison-Sacramento in Represa, California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction.

This petition has a lengthy procedural history, resulting in significant delay in this Court's resolution of the merits of the claim now before it. Respondent has filed two separate motions to dismiss the petition, the first on untimeliness grounds, where Respondent ultimately conceded that the petition was timely, after investigating when Petitioner had provided the petition for mailing to prison authorities. The second motion to dismiss was based on lack of exhaustion of the claims in the Second Amended Petition. After Petitioner requested leave to file a Third Amended Petition which contained both exhausted and unexhausted claims, the Court granted Petitioner's motion and provided Petitioner with three options, allowing him to choose whether to proceed only on the exhausted claim, claim two, to terminate this action and complete exhaustion in the California Supreme Court before returning to this Court, or to request a stay of the

proceedings while he exhausted the additional claims in the California Supreme Court. Petitioner was ordered to inform the Court of "good cause" for his failure to earlier exhaust the claims under *Rhines v. Webber*, 125 S. Ct. 1528, 1535 (2005) if he was requesting a stay to exhaust the unexhausted claims. While Petitioner first requested option three and requested a stay (docket no. 25), he failed to provide the Court in his motion with any allegations of "good cause" for the delay in previously exhausting his claims. This Court denied the motion without prejudice and provided Petitioner with a further opportunity to establish good cause, or in the alternative, to elect to proceed under one of the other two options provided by the Court.

Petitioner subsequently filed another document entitled "Election By Petitioner,"(docket no. 27), in which he specified that he wished to proceed under option one in the Court's order of November 20, 2007, (docket no. 23). That option allowed Petitioner to "dismiss the unexhausted claim (in the Third Amended Petition) and go forward with only the remaining claims[.]" The Court had previously determined that only claim two in the Third Amended Petition had been exhausted in the California Supreme Court. Therefore, the Court now orders Respondent to show cause why Claim Two in the Third Amended Petition should not be granted as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the Third Amended Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **thirty (30)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all

portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3. The Court finds that both parties have caused significant delay in this case, resulting in this petition involving a single claim remaining unresolved three years after the initial petition was filed. Therefore, the Court will not entertain any motions for an extension of time to respond to this order to show cause, absent extraordinary circumstances.

IT IS SO ORDERED.

DATED: __January 8, 2008__

_____
JEFFREY S. WHITE
United States District Judge

YOUNG,

               Plaintiff,

   v.

RUNNELS et al,

               Defendant.

_____/

Case Number: CV05-00119 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 8, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory Young
T11420
P.O. Box 715071
Represa, CA 95671

Jeffrey Michael Laurence
Office of the Attorney General
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102

Dated: January 8, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk